UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAURILIO SILVA VALENCIA,<br><br>Petitioner,<br><br>v.<br><br>JOSEPH TUGGLE,[1]<br><br>Respondent. | No. 2:24-cv-2994 TLN CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner, proceeds pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss this action alleging the petition was filed beyond the one-year statute of limitations. 28 U.S.C. § 2244(d). As set forth below, the Court recommends that the fully briefed motion be granted.

I.  BACKGROUND

This action was constructively filed on October 31, 2024 (ECF No. 1 at 71). Rule 3(d), Rules Governing Habeas Corpus Cases Under Section 2254.

On February 27, 2025, respondent filed the motion to dismiss. (ECF No. 10.) On April 25, 2025, after being granted an extension of time, petitioner filed an opposition. (ECF No. 13.) On May 9, 2023, respondent filed a reply. (ECF No. 14.)

---

[1] The Warden of Folsom State Prison, Joseph Tuggle, is substituted as respondent in this matter. Fed. R. Civ. P. 25(d); see Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

On May 15, 2025, the Court issued a further briefing order, requiring respondent to file the amended abstract of judgment, and address the implications, if any, of the amended abstract of judgment on the calculation of the limitations period. (ECF No. 15.) On June 5, 2025, respondent filed the amended abstract of judgment and filed their response to the order. (ECF No. 16, 17.) Petitioner did not file a reply on or before June 26, 2025.

II.   STANDARDS GOVERNING MOTION TO DISMISS

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the Court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

III.   STATUTE OF LIMITATIONS

A. Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

///

///

2

|   |   |
|---|---|
| 1 | (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. |
| 2 |  |

28 U.S.C. § 2244 (d)(1).[2]

    B.  Chronology[3]

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

    1.  A jury in Colusa County Superior Court convicted petitioner of making criminal threats, theft by larceny, and resisting arrest.  (ECF No. 1 at 1.)  On December 6, 2019, the trial court imposed an aggregate prison term of 45 years to life:  25 years to life for making criminal threats, a concurrent sentence of six months for the theft by larceny conviction, and a concurrent sentence of one year for the resisting a peace officer conviction, and also sentenced petitioner to four consecutive terms of five years for each prior serious conviction.  (ECF Nos. 9-1; 9-2 at 2.)

    2.  Petitioner filed a timely appeal.

    3.  On February 15, 2022, in Case No. C091120, the California Court of Appeal for the Third Appellate District vacated two of the five-year enhancement terms imposed under section 667, subdivision (a), directed the trial court to prepare an amended abstract of judgment, and affirmed the judgment as modified.  (ECF No. 9-2 at 7-8.)

    4.  On May 22, 2022, the Colusa County Superior Court issued an amended abstract of judgment, sentencing petitioner to 25 years to life on Count 2, making criminal threats, and imposing a sentencing enhancement of ten years under California Penal Code § 557(e)(1).  (ECF No. 17-1.)

    5.  Petitioner did not file a petition for review in the California Supreme Court.

///

///

---

[2] The limitations period may begin running later under certain circumstances, 28 U.S.C. § 2244(d)(1)(B), (C), & (D), but none of these circumstances apply here.

[3] Unless otherwise indicated, all of petitioner's subsequent court filings were given benefit of the mailbox rule.  See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing).

6. On February 6, 2023, in Case No. CV24650, petitioner filed a petition for writ of habeas corpus in the Colusa County Superior Court. (ECF No. 9-3 at 8.) The petition was denied on May 22, 2023. (ECF No. 9-4.)

7. On June 26, 2023, in Case No. C098923, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (ECF No. 9-5 at 64.) The California Court of Appeal denied the petition on July 14, 2023. (ECF No. 9-6.)

8. On July 26, 2023, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (ECF No. 9-7.) The California Supreme Court denied the petition on November 15, 2023. (ECF No. 9-8.)

9. On October 31, 2024, petitioner constructively filed the instant federal petition. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

C. Calculation of Limitations Period

For purposes of calculating the limitations period in this case, § 2244(d)(1)(A) applies. The California Court of Appeal affirmed the conviction on February 15, 2022. (ECF No. 9-2.) As argued by respondent, the state appellate court did not remand petitioner's case for re-sentencing. (ECF No. 16 at 2 (citing ECF No. 9-2).) Rather, the state appellate court remanded the case directing the trial court "to prepare an amended abstract of judgment consistent with this opinion." (ECF No. 9-2 at 7-8.) According to California law, "[b]ecause the 'abstract of judgment is not the judgment of conviction' and 'does not control if different from the court's oral judgment,' a court must amend the abstract of judgment any time there is a discrepancy between the two." See Gonzalez v. Sherman, 873 F.3d 763, 770 (9th Cir. 2017) (quoting People v. Mitchell, 26 Cal. 4th 181, 185 (2001)). Consequently, the state appellate court's February 15, 2022 order modifying the judgment constituted the new judgment, and the remand to the trial court was to ensure the abstract of judgment recorded the new judgment. Id.; see also Dyson v. Warden, California Corr. Inst., 2019 WL 3065890, at *2 (E.D. Cal. July 12, 2019). Therefore, any appeal would be taken from the state appellate court's February 15, 2022 order, not the amended abstract of judgment, by filing a petition for review in the California Supreme Court.

///

4

  Here, petitioner did not file a petition for review in the California Supreme Court. Therefore, the judgment became final forty days later on March 27, 2022. See Cal. R. Ct. 8.366, 8.500. The limitations period began the next day, March 28, 2022. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Thus, the one-year limitation period commenced on March 28, 2022, and, absent tolling, expired on March 28, 2023.

  D. Statutory Tolling

  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000).

  Petitioner filed his first state court petition on February 6, 2023. Petitioner is not entitled to tolling from March 28, 2022, through February 5, 2023, because no state court petition was pending. 28 U.S.C. § 2244(d)(2). By March 27, 2023, 314 days of the limitations period had expired. This meant that petitioner had 51 days left to file his federal habeas petition.

  Respondent agrees that petitioner is entitled to statutory tolling for the periods his first, second and third state habeas petitions were pending. (ECF No. 10 at 5 (citing Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005).) The record confirms that petitioner sought appellate review of the same claims in one complete round of state habeas petitions and did so within a reasonable time; thus, petitioner's collateral challenges were "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). Pace, 544 U.S. at 414. Accordingly, petitioner is entitled to statutory tolling from February 6, 2023, the date he filed his first state habeas petition, through November 15, 2023, the date the California Supreme Court denied the third state habeas petition.

  The limitations period began to run again on November 16, 2023, and expired 51 days later, on Saturday, January 6, 2024. Because the deadline fell on a Saturday, petitioner had until Monday, January 8, 2024, to file his federal habeas petition. However, petitioner did not file his

///

5

federal petition until October 31, 2024, over nine and a half months after the limitations period expired.

### E.  Equitable Tolling

Petitioner did not seek equitable tolling. It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005). Petitioner failed to demonstrate he is entitled to equitable tolling.

### F.  Petitioner's Action is Untimely

The statute of limitations period expired on January 8, 2024. Petitioner did not file the instant action until October 31, 2024. Because petitioner filed this action over nine and a half months after the statute of limitations expired, this action is untimely, and respondent's motion to dismiss should be granted.

## IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Joseph Tuggle, Warden of Folsom State Prison, is substituted as respondent in this matter.

Further, IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 26) be granted; and

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue . . . if the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim for the denial of a constitutional right, and

[2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Petrocelli v. Angelone, 248 F.3d 877, 883-84 (9th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 478 (2000)).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: 07/02/25

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/vale2994.mtd.hc.sol

7